**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Marie Rosado, | No. CV-18-03129-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. Plaintiff receives $4,339.34 per month and spends $4,224.00 per month.

> An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948). The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir.1960).

*Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

In *Escobedo*, the Court of Appeals suggested that only the funds left over after expenses should be considered in determining whether to grant in forma pauperis status. 787 F.3d at 1235 ("Once her rent and debt payments were taken into account, she would have had to dedicate the entirety of two-months' worth of her remaining funds, meaning that she would have to forego eating during those sixty days, to save up to pay the filing fee.").

Unlike *Escobedo*, here Plaintiff includes in her expenses $800.00 per month for

groceries; thus, her monthly $115.00 surplus would not need to go to food.  (Doc. 3).

Additionally, Plaintiff spends $300.00 per month for entertainment and $465.04 per

month to care for her pets.  (*Id.*).  Further, while Plaintiff has a vehicle, she nonetheless

spends an additional $400.00 per month on transportation.  (*Id.*).  Also, while Plaintiff

has a residence, she spends an additional $127.19 per month on a storage unit.  (*Id.*).

While all of these expenses are presumably important to Plaintiff, the Court cannot

classify each of them as "necessities of life."  *See Escobedo*, 787 F.3d at 1234.

Therefore, the Court finds Plaintiff does not qualify for in forma pauperis status.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis (Doc.

3) is denied. Plaintiff shall pay the filing fee within 7 days of this Order, or the Clerk of

the Court shall dismiss this case (without prejudice).

Dated this 5th day of October, 2018.

James A. Teilborg
Senior United States District Judge